UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

|  |  |
|---|---|
| MANSEL LTD., <br><br>      Plaintiff, <br><br> v. <br><br> CREST MARITIME CHARTERING INDIAN OCEAN LTD., <br><br>      Defendant. | Civil Action No. |

**VERIFIED COMPLAINT FOR ORDER AUTHORIZING
PROCESS OF WRIT OF ATTACHMENT AND GARNISHMENT**

  Plaintiff Mansel Ltd. ("Mansel"), by and through its attorneys, for its Verified Complaint against Defendant Crest Maritime Chartering Indian Ocean Ltd. ("Crest"), alleges as follows:

  1. Mansel seeks an Order for Process of Writ of Attachment and Garnishment of Crest's property that may be found in the District of Massachusetts, including its Bank of America account(s), in accordance with Rule B of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rule B").

**JURISDICTION, PARTIES AND VENUE**

  2. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears and is a maritime claim within the meaning of Federal Rule of Civil Procedure 9(h).

  3. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 because this action arises from a maritime charterparty as further described below.

4.      At all times relevant hereto, Mansel is and was a foreign business entity organized under the laws of Bermuda and engaged in the business of maritime commercial shipping.

5.      At all times relevant hereto, Crest is and was a foreign business entity registered in Mauritius and engaged in maritime commercial shipping.

6.      Upon information and belief, Crest maintains a Bank of America account in or near Boston, Massachusetts.

## FACTUAL BACKGROUND

7.      Gestioni Armatoriali SPA ("Owner") is the registered owner of the bulk carrier, m/v "Dalmatia G" (the "Vessel").

8.      On June 25, 2010, the Owner time chartered the vessel to Mansel for a period of three years ("Head Charter").  A copy of the Head Charter is annexed as Exhibit 1.

9.      Thereafter, the following contracts were entered into with respect to the Vessel:

a.   Mansel time chartered the vessel to Crest for a single trip to carry a cargo of nickel ore from Indonesia to China ("Crest Charter").  A copy of the Crest Charter fixture note is annexed as Exhibit 2.

b.   Crest voyage chartered the Vessel to PT Bumi Enternalen Nusantara ("BEN").

c.   BEN subchartered the Vessel to PT Multi Cargo Services ("MCS") and

d.   MCS contracted with the shipper, PT Manda Nusantara ("Shipper"), to ship the cargo of nickel ore.

10.     On April 28, 2012, the Vessel arrived at its load port of Pomalaa, Indonesia where it commenced loading the nickel ore from barges.  After approximately 14,000 m/ts of cargo were loaded, a dispute arose between the Vessel and the Shipper.  The dispute appears to have

concerned the moisture content of the nickel ore being tendered for shipment.  Loading stopped at 1115 hours on May 3, 2012 and never resumed.

11.     By mid-June the dispute had not been resolved and it became apparent that no more cargo was going to be loaded.

12.     In order to permit the Vessel to depart from Pomalaa, the cargo on board had to be discharged.

13.     Negotiations concerning the discharge of the cargo progressed at a very slow pace.  It was not until June 19, 2013 that cargo was completely discharged and the Vessel was able to sail.

14.     The Vessel remained in Pomalaa from April 28, 2012 until June 19, 2013, a period of almost fourteen months.

## AS A FIRST CAUSE OF ACTION

15.     Mansel has claims against Crest amounting to $4,008,165.01 for failing to pay amounts due under the Crest Charter.  That dollar amount is comprised of four separate claims.

16.     The first amount is $1,623,065.01 and represents amounts due for Crest's failure to pay time charter hire, fuel consumed and other expenses. The details of this claim are set forth in a charter hire statement dated August 30, 2012, annexed as Exhibit 3.

17.     On November 21, 2012, Mansel obtained an Order from the Commercial Division in the Supreme Court of Mauritius allowing the attachment of Crest's Mauritius Commercial Bank ("MCB") account for the sum of $1,623,065.01 USD.  The proceedings are on-going; Crest is disputing the attachment order.

18.     On November 22, 2012, the Notice of Attachment was served upon MCB.  MCB has not informed Mansel of the amount of the funds controlled by Crest, if any, that have been attached.  This is customary for Mauritian proceedings.

19.     The second of Mansel's claims against Crest is for $2 million.   Under an agreement signed on May 27, 2013, in order to permit the vessel to depart from Pomalaa, Owner and Mansel each paid $2 million to settle claims by the Shipper against the Owner and MCS amounting to $10,273,687 arising out of the Vessel's delay in Pomalaa.  Crest, as charterer to Mansel, is responsible for Mansel's payment of $2 million.

20.     The third of Mansel's claims against Crest is for $110,000.  This amount was paid by Mansel to discharge the vessel at Pomalaa in June, 2013.  Crest, as charterer to Mansel, is responsible for the cost of discharging the Vessel, including Mansel's payment of $110,000.

21.     The fourth of Mansel's claims is for attorneys' fees and expenses incurred to date amounting to $275,100.

## AS A SECOND CAUSE OF ACTION

22.     Mansel repeats paragraphs 1-21 as if stated herein in full.

23.     The Owner has claimed the amount of $5,899,082.91 against Mansel for the Vessel's delay at Pomalaa and expenses relating to the Vessel's delay, in a London arbitration commenced pursuant to the terms of the charter between them (see Cls. 17 and 58 of the Head Charter).  Annexed as Exhibit 4 is a copy of Owner's Amended Claim Submissions, together with an Exhibit to those Submissions, which sets forth more specifically the Owner's claims against Mansel.

24.     Mansel has placed $3,876,275 in cash in an escrow account and posted a bank guarantee for $650,343.32 to partially secure Owner's claims.

25.     Mansel claims the amount of $5,899,082.91 in indemnity from Crest.

26.     Mansel expects to incur legal fees and costs in the arbitration proceedings defending against the claims of the Owner and prosecuting the claims against Crest.  Mansel estimates that those fees and costs will total $460,000.

27.     According to shipping broker information provided to Mansel, Crest maintains a Bank of America account in or near Boston, Massachusetts.

## APPLICATION FOR ORDER AUTHORIZING PROCESS OF WRIT OF ATTACHMENT AND GARNISHMENT

28.     Mansel repeats paragraphs 1-27 as if stated herein in full.

29.     A Writ of Attachment and Garnishment should issue pursuant to Supplemental Rule B if the plaintiff shows that: (1) it has a valid prima facie admiralty claim against the defendant; (2) the defendant cannot be found within the district; (3) the defendant's property may be found within the district; and (4) there is no statutory or maritime bar to the attachment.

30.     Mansel's claim against Crest for amounts due under the Crest Charter are maritime claims.  Owner's claims against Mansel for amounts due under the Head Charter are maritime claims and, hence, Mansel's claims against Crest are maritime claims.

31.     Crest cannot be found within the District of Massachusetts.  Exhibit 5, Affidavit of Chester D. Hooper.

32.     Crest's property, including its Bank of America account(s) in or near Boston, may be found within the District of Massachusetts.

33.     There is no statutory or maritime bar to the attachment.

34.     While all disputes arising out of the Head Charter and under the Crest Charter are to be arbitrated in separate arbitrations in London, the action herein is submitted in accordance with

Supplemental Rule B  as well as 9 U.S.C. § 8 and is not and cannot be considered a waiver of the arbitration clause.

35.     Owner's claims against Mansel and Mansel's claims against Crest, each will be decided by an arbitration panel located in London, England pursuant to English law.  English arbitrators, as a matter of course, award costs to the prevailing party which costs include attorneys' fees incurred by the prevailing party.

36.     It is estimated that it will take approximately two (2) years to resolve this matter. Under relevant English law, interest is to be computed on the basis of the U.S. Prime Rate (currently 3.5%), compounded every three months, resulting in the following estimated interest in addition to Mansel's principal claim of $663,518.11:

**WHEREFORE,** Plaintiff respectfully requests:

1.     An Order for Process of Writ of Attachment and Garnishment authorizing the attachment of Crest's property that may be found in this district, including Crest's Bank of America account(s), pursuant to Supplemental Rule B up to the amount of $11,030,766.03;

2.     Process in due form of law according to the practice of this Court in the form of a Writ of Maritime Attachment and Garnishment to be issued against Crest's property in this district with the garnishees, including Bank of America, upon whom the Writ of Attachment and Garnishment may be served;

3.     Service to be carried out by John Keogh, a special process server, or other such representative;

4.     Crest and any other person claiming an interest herein to be cited to appear and answer the aforesaid matters; and

5.      Such other and further relief this Court may deem just and proper, including an award of attorneys fees and costs.

> Respectfully submitted,
>
> MANSEL LTD.
> By its attorneys,
> HOLLAND & KNIGHT LLP
>
> /s/ Chester D. Hooper
> _____
> Chester D. Hooper (BBO # 625025)
> Timothy J. McLaughlin (BBO #675560)
> 10 Saint James Avenue
> Boston, MA 02116
> (617) 523-2700
> *chester.hooper@hklaw.com*
> *timothy.mclaughlin@hklaw.com*

Date:  August 29, 2013
Boston, Massachusetts

## **VERIFICATION**

I, Chester D. Hooper, in accordance with 28 U.S.C. § 1746, declare under the penalty of perjury that I am of counsel at the firm of Holland & Knight LLP and represent Plaintiff Mansel Ltd. ("Mansel") in the foregoing action.  I have read the foregoing Verified Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge.  I have reviewed the documentation provided to me by Mansel and its representatives and have corresponded with such representatives regarding the same.  I am authorized by Mansel to make this Verification, and the reason for my making it, as opposed to an officer or director of Mansel, is that there are no officers or directors of Mansel within the jurisdiction of this Honorable Court.

*/s/ Chester D. Hooper*

_____

Chester D. Hooper (BBO # 625025)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700
*chester.hooper@hklaw.com*

Date: August 29, 2013
Boston, Massachusetts